# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ELZA EVANS, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    NO. 3:17-cv-01242 |
| | ) |
| CHERRY LINDAMOOD, Warden, | ) |
| | ) |
|     Respondent. | ) |

## MEMORANDUM AND ORDER

Elza Evans, an inmate at the South Central Correctional Facility in Clifton, Tennessee, filed a *pro se* petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 8, 2017. (Doc. No. 1.) On July 12, 2019, the Clerk entered judgment on the merits of the petition and dismissed this action based on the Court's Memorandum Opinion and Order filed on July 11, 2019. (Doc. Nos. 10–12.)

On August 5, 2019, the Sixth Circuit Court of Appeals received Petitioner's *pro se* Motion for Enlargement of the Time (Doc. No. 13) and a cover letter explaining that he seeks an extension of time to petition the Sixth Circuit for a certificate of appealability (COA) due to an ongoing facility lockdown. (Doc. No. 14.) In these documents, Petitioner reports that the lockdown began on July 2, 2019 (id. at 1), that he received this Court's order dismissing his petition on July 15, 2019 (Doc. No. 13 at 2), and that he needs additional time to challenge the dismissal before the Sixth Circuit. The Sixth Circuit forwarded these documents to the Clerk of this Court, under a cover letter reciting that the documents were received in the Sixth Circuit on August 5, 2019, but

that they "appear[] more appropriately directed to the district court." (Doc. No. 13 at 4.) This Court received the Sixth Circuit's mailing on August 26, 2019.

The Court construes Petitioner's Motion for Enlargement of Time as a notice of appeal. The Federal Rules of Appellate Procedure require that a notice of appeal in a civil case "be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). Here, the Sixth Circuit received Petitioner's Motion on August 5, 2019,[1] less than thirty days after this Court dismissed his case. In addition to being timely filed, a notice of appeal must specify the party taking the appeal, the judgment or order being appealed, and the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). The Sixth Circuit has clarified that "functional rather than formalistic compliance" with Rule 3(c)(1) is all that is required, and that a would-be appellant's timely but imperfect filing should therefore be accepted as a notice of appeal "where no genuine doubt exists about who is appealing, from what judgment, to which appellate court." Isert v. Ford Motor Co., 461 F.3d 756, 759 (6th Cir. 2006) (quoting Becker v. Montgomery, 532 U.S. 757, 767 (2001)).

The Isert court noted that "an extension-of-time motion frequently will satisfy the modest requirements of Rule 3(c)." Id. at 762. Though Isert dealt specifically with a motion for extension of time to file a notice of appeal, its analysis is no less applicable to Petitioner's motion for an extension of what he believes to be his 14-day deadline for filing a motion for COA before the Sixth Circuit. See id. (citing Hindes v. Fed. Deposit Ins. Corp., 137 F.3d 148, 156 (3d Cir. 1998) ("[I]f a litigant files a document, regardless of its title, within the time for appeal under [Rule] 4, it is effective as a notice of appeal provided that it gives sufficient notice of the party's intent to

---

[1] This date is deemed to be the date of filing of Petitioner's notice of appeal in this Court as well. See Fed. R. App. P. 4(d) ("If a notice of appeal in either a civil or a criminal case is mistakenly filed in the court of appeals, the clerk of that court must note on the notice the date when it was received and send it to the district clerk. The notice is then considered filed in the district court on the date so noted.").

2

appeal.")). Indeed, the Sixth Circuit has construed a habeas petitioner's motion for a certificate of probable cause (the predecessor of a COA) as a notice of appeal, explaining as follows:

> Although Rule 3(c) does suggest a form to be followed, there is no magic document called a Notice of Appeal. Any document that meets the requirements of Rule 3(c) and is filed within the time prescribed by Rule 4(a) can function as a notice of appeal. This is particularly important where the filing is the work of a prisoner proceeding *pro se*.

McMillan v. Barksdale, 823 F.2d 981, 983 (6th Cir. 1987).

Here, Petitioner's Motion was captioned for filing in the Sixth Circuit and specifies that Petitioner seeks additional time in which "to respond" to this Court's July 11, 2019 denial of his habeas corpus petition. (Doc. No. 13 at 2.) The Court finds that Petitioner has clearly demonstrated his intent to appeal the judgment in this case to the Sixth Circuit and has done so in a timely fashion.

Accordingly, the Clerk of Court is **DIRECTED** to docket Petitioner's Motion for Extension of the Time (Doc. No. 13) as his Notice of Appeal, and to terminate Docket Entry Nos. 13 and 14 as pending motions.

Petitioner was permitted to proceed *in forma pauperis* before this Court and therefore "may proceed on appeal in forma pauperis without further authorization." Fed. R. App. P. 24(a)(3). Because this Court denied a COA (Doc. No. 11), Petitioner must now obtain a COA from the Sixth Circuit if his appeal is to be heard. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). If Petitioner does not file an express request for a COA before the Sixth Circuit, his Notice of Appeal will constitute such a request. Fed. R. App. P. 22(b)(2).

The Clerk of Court shall provide a copy of this Order to the Sixth Circuit.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE